IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

THEODORE W. SMITH, III,

        Petitioner,        :        Case No. 3:16-cv-308

  - vs -                         District Judge Walter Herbert Rice
                                    Magistrate Judge Michael R. Merz

RONALD ERDOS, Warden,
  Southern Ohio Correctional Facility

                                      :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 15) to the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed with prejudice ("Report," ECF No. 12). Judge Rice has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 16).

Mr. Smith seeks relief from his kidnapping conviction in the Montgomery County Common Pleas Court in June 2014. He claims that conviction is for the "same offense" of which he was acquitted in August 2008 and is therefore barred by the Double Jeopardy Clause of the Fifth Amendment.

The procedural history of the case insofar as it is relevant to the habeas petition is quoted in the Report from the decision of the Second District Court of Appeals. *State v. Smith,* 2016-Ohio-1269, 2016 Ohio App. LEXIS 1340 (2nd Dist. Mar. 25, 2016), appellate jurisdiction declined, 146 Ohio St. 3d 1430 (2016). The Second District opinion describes the facts of the

1

crime which occurred on November 28, 2007, and involved as victims Cassie Davis and her minor son. As a result of his conduct on that date

> [*P8] Smith was indicted on one count of kidnapping with purpose to terrorize or to inflict serious physical harm, in violation of R.C. 2905.01(A)(3) (Count I); one count of kidnapping to facilitate the offense of aggravated robbery, in violation of R.C. 2905.01(A)(2) (Count II); one count of aggravated robbery with a deadly weapon, in violation of R.C. 2913.01(K) and 2911.01(A)(1) (Count III); and one count of kidnapping of a person under the age of thirteen with purpose to hold for ransom or as a shield or hostage, in violation of R.C. 2905.01(A)(1) (Count IV).
>
> [*P9] Following a jury trial, Smith was convicted on Counts I and IV and on Count II's lesser-included offense of unlawful restraint. He was found not guilty on the indicted kidnapping charge in Count II and the charge in Count III. Smith was sentenced to a total of 15 years in prison. On appeal, we reversed his convictions because there had been a violation of his constitutional right to confront one of the witnesses against him. *State v. Smith*, 2d Dist. Montgomery No. 22926, 2010-Ohio-745.

*Id.* Smith claims that Count I charges the same offense for Double Jeopardy purposes as Count II on which he was acquired in the first trial.  In other words, he claims the acquittal on Count II bars the re-trial on Count I.

The Report concluded that these two counts do not charge the same offense.  The statute in question, Ohio Revised Code § 2905.01(A) distinguishes between kidnapping with the purpose of terrorizing the victim or inflicting serious physical harm (2905.02(A)(3) and kidnapping with the purpose of facilitating aggravated robbery (2905.01(A)(2).  The Indictment charges an (A)(3) violation in Count I and an (A)(2) violation in Count II.

Under federal law, whether two offenses are sufficiently different that an acquittal on one will not bar a conviction on the other depends on whether they have different elements.  *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  The Ohio statute differentiates between kidnapping committed with the purpose of

terrorizing and kidnapping committed with the purpose of facilitating an aggravated robbery. The Second District Court of Appeals correctly held in this case that those are different elements and that therefore the two different subsections define different offenses. The Report recommended deference to that decision and the Objections do not persuade the Magistrate Judge of any error in the analysis.

Mr. Smith objects to the Magistrate Judge's asserted failure to address the "same offense" issue (ECF No. 15, PageID 839).  If there was any such failure in the Report, it is corrected here. Mr. Smith's Double Jeopardy claim is without merit and should be rejected.  Mr. Smith makes no objection to the recommendation that his Second Ground for Relief – lack of subject matter jurisdiction – should be dismissed.

**Conclusion**

Having reconsidered the Report in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 26, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).